J-A15027-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JEFFREY HERRERA | : | |
| | : | |
| Appellant | : | No. 475 MDA 2024 |

Appeal from the Judgment of Sentence Entered June 13, 2023
In the Court of Common Pleas of Lackawanna County
Criminal Division at No: CP-35-CR-0000864-2022

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JEFFREY ENRIQUE HERRERA | : | |
| | : | |
| Appellant | : | No. 476 MDA 2024 |

Appeal from the Judgment of Sentence Entered June 13, 2023
In the Court of Common Pleas of Lackawanna County
Criminal Division at No: CP-35-CR-0000844-2022

BEFORE: BOWES, J., STABILE, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STABILE, J.: **FILED: DECEMBER 31, 2025**

Appellant, Jeffrey Enrique Herrera, appeals from the judgments of

sentence entered on June 13, 2023. On that date, the trial court imposed an

aggregate 24 to 48 months of incarceration followed by four years of probation

---

[*] Former Justice specially assigned to the Superior Court.

for unauthorized use of a motor vehicle[1] (captioned above at 475 MDA 2024)

possession of a controlled substance[2] (captioned above at 476 MDA 2024),

and violation of his probation sentence currently pending on appeal at 1097

MDA 2023 (the "related appeal"). Instantly, counsel has filed a brief and

petition to withdraw pursuant to **Anders v. California**, 386 U.S. 738 (1967)

and **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009). We affirm the

judgment of sentence and grant counsel's petition to withdraw.

The procedural history of the instant appeals is intertwined with that of

the related appeal. On August 1, 2022, Appellant stipulated to a violation of

his probation that led to the revocation sentence pending in the related appeal.

On January 31, 2023, Appellant entered a guilty plea to the unauthorized use

of a motor vehicle and drug possession charges, the sentences for which are

the subject of the above-captioned appeals. The trial court imposed sentence

at all three dockets on June 13, 2023. In specific, the trial court imposed 18

to 36 months of incarceration followed by two years of probation for the

revocation sentence pending in the related appeal; a consecutive six to 12

months of incarceration for possession of a controlled substance, and a

consecutive two years of probation for unauthorized use of a motor vehicle.

---

[1] 18 Pa.C.S.A. §3928.

[2] 35 P.S. §780-113(a)(32).

The aggregate sentence is 24 to 48 months of incarceration followed by four years of probation.

Appellant filed a post-sentence motion on June 21, 2023, which the trial court denied by order of June 27, 2023. We observe that the certified dockets for the above-captioned matters fail to reflect that the June 27, 2023 order denying the post-sentence motions was served on Appellant (the docket involved in the related appeal does, however, reflect service of the denial order in that case).

On July 24, 2023, within thirty days of the denial of the post-sentence motion, Appellant filed a *pro se* handwritten document reading, "'Certificate of Service' 'Notice of Appeal' [illegible] Lackawanna Co. public defenders ignored request for assistance[.]" This document was docketed only at Lackawanna County docket 864 of 2022 (the local docket for 475 MDA 2024, captioned above) on July 24, 2023, as "*Pro Se* Petition filed." Appellant followed his July 24, 2024 filing with a single handwritten *pro se* notice of appeal for all three dockets on August 1, 2023. This Court issued an order, dated February 9, 2024, directing that amended, counseled notices of appeal be filed separately for each docket. **See Commonwealth v. Young**, 265 A.3d 462 (Pa. 2021). Counsel filed amended notices of appeal on March 28, 2024.

By order of April 15, 2024, this Court *sua sponte* consolidated the instant appeals and the related appeal. We vacated that order on April 29, 2024. On

May 17, 2024, we issues a rule to show cause why the related appeal should not be quashed as untimely. The show cause order was discharged on July 29, 2024 and referred to the merits panel. As explained in our memorandum disposing of the related appeal, Appellant chose to proceed *pro se* in that matter and it was never reconsolidated with the instant appeals. The instant appeals were once again consolidated by order of May 17, 2024.

We now turn to the timeliness of the appeals before us. The Pennsylvania Rules of Appellate Procedure require an appeal to be filed within 30 days of the imposition of the order on appeal. Pa.R.A.P. 903(a). In a criminal case where the defendant files a timely post-sentence motion, the notice of appeal must be filed within 30 days of the order denying post-sentence motions. Pa.R.Cim.P. 720(A). Moreover, the 30-day appeal period implicates this Court's jurisdiction; we lack jurisdiction over an untimely appeal. ***Commonwealth v. Capaldi***, 112 A.3d 1242, 1245 (Pa. Super. 2015). But where an untimely appeal is the result of a breakdown in this Court's procedure, we will not quash the appeal. ***Commonwealth v. Coolbaugh***, 770 A.2d 778, 791 (Pa. Super. 2001).

As noted above, the order denying Appellant's post-sentence motion was never served on Appellant in either of the above-captioned matters. The certified dockets reflect that only the district attorney's office was served. This Court has declined to quash an appeal under these circumstances. ***Commonwealth v. Midgley***, 289 A.3d 1111, 1117 (Pa. Super. 2023). In

***Midgley***, the order denying the appellant's PCRA petition was served on the *pro se* appellant's counsel after counsel had withdrawn, but never on the appellant. We concluded that, because the appellant was never served with the dispositive order, the appeal period never started to run. We therefore accepted the appeal as timely. ***Id. Midgely*** governs here. Because Appellant was never served with the orders denying his post-sentence motions, the appeal period never began to run. The counseled notices of appeal filed at this Court's direction on March 28, 2024 were therefore timely. We now turn to counsel's ***Anders*** brief.

Counsel proceeding under ***Anders*** must file a petition averring that, upon conscientious examination of the record, counsel finds the appeal to be frivolous. The ***Anders*** brief must address any issues that arguably support the appeal. ***Commonwealth v. Woods***, 939 A.2d 896, 898 (Pa. Super. 2007). Counsel has complied with these requirements. Counsel must also provide the ***Anders*** brief to the appellant and advise the appellant of the right to proceed *pro se*, with different counsel, or to raise additional points of law for this Court's consideration. ***Id.*** Counsel complied with these conditions upon being directed to do so by this Court's order of July 29, 2024. Appellant did not respond.

***Santiago*** sets forth the substantive requirements for an ***Anders*** brief:

> [T]he ***Anders*** brief that accompanies court-appointed counsel's petition to withdraw ... must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports

- 5 -

the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

***Santiago***, 978 A.2d at 361. Once we conclude that counsel fulfilled all these requirements, we proceed to examine the record to determine whether the case is wholly frivolous. ***See Commonwealth v. Yorgey***, 188 A.3d 1190, 1196 (Pa. Super. 2018) (*en banc*). Our review of counsel's ***Anders*** brief reveals compliance with the foregoing.

We now proceed to an independent review of the record, beginning with the issues addressed in the ***Anders*** brief—whether the trial court imposed a harsh and excessive sentence and whether the court failed to state on the record the reasons for its sentence. ***Anders*** Brief at 2. The alleged excessiveness of the sentence implicates the trial court's sentencing discretion. Our standard of review is well-settled:

Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an *518 error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

***Commonwealth v. Hoch***, 936 A.2d 515, 517–18 (Pa. Super. 2007). The ***Anders*** Brief includes a statement of the reasons relied upon for allowance of appeal in compliance with Pa.R.A.P. 2119(f). The statement concedes that this appeal does not present a substantial question, and we agree.

We proceed with our analysis mindful of the following:

> The determination of what constitutes a substantial question must be evaluated on a case-by-case basis.  We have found that a substantial question exists when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process.  [W]e cannot look beyond the statement of questions presented and the prefatory [Rule] 2119(f) statement to determine whether a substantial question exists."

***Commonwealth v. Radecki***, 180 A.3d 441, 468 (Pa. Super. 2018).

We have held that bald assertions of excessiveness do not raise substantial questions.  ***Commonwealth v. Giordano***, 121 A.3d 998, 1008 (Pa. Super. 2015), *appeal denied*, 131 A.3d 490 Pa. 2016).  Furthermore, "[w]e consistently have recognized that excessiveness claims premised on imposition of consecutive sentences do not raise a substantial question for our review.  ***Radecki***, 180 A.3d at 468.  The same is true for the trial court's alleged failure to consider mitigating circumstances.  ***Id.***  The record confirms that the trial court had the benefit of a presentence investigation report.  N.T. Sentencing, 6/13/23, at 2.  The sentence for unauthorized use of a motor vehicle was in the mitigated guideline range, and the sentence for possession of a controlled substance was within the standard range.  The sentence imposed for the probation violation at issue in the related appeal was well within the maximum sentence that could have been imposed originally.  ***See*** 42 Pa.C.S.A. § 9771(b).  Appellant presented evidence of his struggles with mental health, drugs, and alcohol.  N.T. Sentencing, 6/13/23, at 2-4.  The

trial court noted that Appellant was not eligible for mental health court. *Id.* For the foregoing reasons, we agree with counsel that Appellant cannot present a substantial question in his challenge to the trial court's sentencing discretion. At most, Appellant can present a bald claim of excessiveness and/or a baseless challenge to the consecutive imposition of sentences arising from three different dockets.

Regarding the trial court's alleged failure to place the reasons for its sentence on the record, Appellant did not raise that issue on the record at sentencing or in his timely post-sentence motion. Thus, it is waived. Pa.R.A.P. 302(a) ("Issues not raised in the trial court are waived and cannot be raised for the first time on appeal.").

In sum, our independent review of the record confirms that Appellant's intended issues are frivolous, and our review reveals no additional issues of arguable merit. *See Yorgey*, 188 A.3d at 1197.

Based on the foregoing, we affirm the judgment of sentence and grant counsel's petition to withdraw.

Petition to withdraw granted.  Judgment of sentence affirmed.

Judgment Entered.

_Benjamin D. Kohler_

Benjamin D. Kohler, Esq.
Prothonotary

Date: 12/31/2025